**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FRANKLIN JEREMIAS FERNANDEZ
ROMERO,

Petitioner,

v. Action No. 2:26cv727

WARDEN, Caroline Detention Facility, et al.,

Respondents.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on the 28 U.S.C. § 2241 petition and emergency motion for immediate release filed by petitioner Franklin Jeremias Fernandez Romero ("petitioner"), a detainee of United States Immigration and Customs Enforcement ("ICE"), seeking release from immigration detention or a bond hearing. ECF Nos. 1–2. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 5.

For the reasons discussed below, it is hereby **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 1, be **GRANTED in part** and **DENIED in part** and respondents provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a 25-year-old native and citizen of El Salvador.[1] ECF No. 8-1, at 2; ECF No. 15, at 30. On April 25, 2018, petitioner applied for admission at the Roma Port of Entry in Roma, Texas. ECF No. 8-1, at 2. He was issued a Notice to Appear ("NTA") and was charged with being inadmissible and removable as an alien who, at the time he applied for admission, was not in possession of a valid entry document under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* On April 27, 2018, petitioner was granted parole, which was set to expire on Apri 28, 2019, and permitted to enter the United States.[2] *Id.*

On November 24, 2021, petitioner submitted a Petition for Amerasian, Widow(er), or Special Immigrant requesting special immigrant juvenile status.[3] ECF No. 15, at 87–104. This petition was granted on August 31, 2022 and petitioner was notified that the United States Citizenship and Immigration Services had made the discretionary decision to defer action in his removal proceedings for a period of four years. *Id.* at 29. The Department of Homeland Security ("DHS") further moved to dismiss his removal proceedings without prejudice, which was granted on October 25, 2023. *Id.* at 78.

Petitioner was arrested on March 14, 2025 by local law enforcement and charged in the

---

[1] Petitioner claims to be 21-years old. ECF No. 1, at 1. However, the documents provided by respondent indicate that he is 25-years old. ECF No. 15, at 117–20 (noting that petitioner was 17 years old in 2021).

[2] In their factual supplement, respondents indicate that they have "thus far been unable to locate documents related to [p]etitioner's parole." ECF No. 10, at 1.

[3] Special immigrant juvenile status is available to those who "need the protection of a juvenile court because [they] have been abused, abandoned, or neglected by a parent" and, if granted, may qualify the petitioner for lawful permanent residency. United States Citizenship and Immigration Services, *Special Immigrant Juveniles*, https://www.uscis.gov/working-in-US/eb4/SIJ (last visited September 14, 2026).

Fairfax County General District Court with driving while intoxicated, drinking while driving, and driving without a license. *Id.* at 50–52. He pled no contest to driving while intoxicated and the other charges were dismissed on August 28, 2025. *Id.* Petitioner was sentenced to 30 days of incarceration to be followed by 12 months of probation. *Id.*

On November 4, 2025, ICE officials encountered petitioner during a traffic stop and took him into civil immigration custody. ECF No. 8-1, at 3. He was issued a new NTA charging him with being inadmissible, as an alien who did not have a valid entry document at the time he applied for admission and was present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(a)(i). *Id.* Petitioner admitted the allegations in the NTA on January 15, 2026 and conceded the charges of removability. *Id.* He did not file an application for relief from removal within the time to do so. *Id.* However, petitioner filed a bond redetermination request on April 29, 2026 which was denied for lack of jurisdiction on May 7, 2026. *Id.*

On May 19, 2026, petitioner filed an application to register permanent residence or adjust status. ECF No. 15, at 5–28; ECF No. 8-1, at 4. That same day, petitioner also appeared before the Annandale Immigration Judge for his individual hearing. ECF No. 15, at 69–72. Petitioner was ordered removed to El Salvador and he appealed this decision to the Board of Immigration Appeals three days later. *Id.* at 71–75.

On July 14, 2026, petitioner filed a *pro se* section 2241 habeas corpus petition while detained in the Caroline Detention Facility in Bowling Green, Virginia. ECF No. 1. Petitioner alleges that he has been unlawfully detained without a bond hearing and seeks immediate release from ICE custody or a bond hearing. *Id.* at 1–2. Respondents opposed the petition on July 28, 2026, asserting that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b). ECF No. 8. Respondents further submitted a factual supplement on September 8, 2026 containing

documents relating to petitioner's immigration status. ECF No. 15. Petitioner did not reply.

## II. LEGAL STANDARD

A federal court may grant habeas relief only on the ground that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

As a threshold matter, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention. *See Suri v. Trump*, 184 F.4th 260, 284–98 (4th Cir. 2026); *Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

## III. ANALYSIS

Petitioner argues that his continued detention violates the Fifth Amendment, especially in light of his special immigrant juvenile status. ECF No. 1, at 1–2. He seeks immediate release or a bond hearing. *Id.* at 2. Respondents assert that petitioner's detention is lawful under 8 U.S.C. § 1225 because he is an applicant for admission. ECF No. 8, at 6–16. More specifically, respondents claim that petitioner's detention falls under section 1225 because he presented himself at a port of entry and was paroled into the country, meaning he is still considered an arriving alien. *Id.* at 9–16. Respondents argue that petitioner is not entitled to a bond hearing under section 1225, and that even if the Court were to find otherwise, due process weighs against granting a bond

hearing in this case. *Id.* at 16–24.

### *A. Detention Under 8 U.S.C. §§ 1225 and 1226*

Section 1225(a) of the INA provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(1) applies to noncitizens who are placed into expedited removal proceedings and provides that they are to be removed "without further hearing or review" unless they "indicate[] either an intention to apply for asylum . . . or a fear of persecution," which triggers referral for an asylum interview. *Id.* § 1225(b)(1)(A)(i)–(ii).

Section 1226, in contrast, establishes "the default rule" for detaining and removing aliens "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1226, titled "[a]pprehension and detention of aliens," provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on . . . conditional parole." *Id.* § 1226(a)(1)–(2). Individuals subject to detention under section 1226(a) are entitled to a bond hearing.

As determined by the Fourth Circuit and multiple opinions in this district, section 1225(b) applies to aliens seeking admission to the United States and section 1226(a) applies to aliens already present in the United States. *Lopez Garcia v. Guadian*, No. 26-6034, --- F.4th ---, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026); *Velasquez v. Noem*, No. 3:25cv998, 2026 WL 279226, at *3–5 & n. 14 (E.D. Va. Feb. 3, 2026) (collecting 30 cases from the Eastern District of Virginia). The issue becomes whether petitioner is detained subject to section 1226, which permits

bond determinations, rather than section 1225, which does not.

***B. Petitioner is entitled to a bond hearing under section 1226 because he is not an alien seeking admission under section 1225 as he was no longer on parole and was granted special immigrant juvenile status prior to his civil detention.***

Petitioner presented himself at the port of entry in Roma, Texas in 2018 and was subsequently issued a NTA charging him with being inadmissible. ECF No. 8-1, at 2. Despite this, he was paroled into the country on a term that was set to expire on April 28, 2019. *Id.* Petitioner was also granted special immigrant juvenile status in 2022. ECF No. 15, at 29. Six years after his parole expired, petitioner was taken into civil immigration custody and detained pending his removal proceedings. ECF No. 8-1, at 3.

Pursuant to 8 U.S.C. § 1182(d)(5),

> [t]he Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A). In other words, "aliens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (quotation and citation omitted).

Petitioner's parole ended in April 2019, however, and there is no evidence of ICE/DHS efforts to contact petitioner afterward regarding his parole or to extend his parole. ECF No. 8-1, at 2–3. His arrest occurred six years after his parole ended and during that time, petitioner lived in the United States and appeared to pursue green card status in 2021 and 2022 when he applied

for and was granted special juvenile immigrant status.[4] *Id.*; ECF No. 15, at 29. Despite his long-time presence, DHS chose to defer action regarding removal for four years and eventually to dismiss pending removal proceedings against him in 2023. ECF No. 15, at 29, 78.

Like the petitioner in *Gomez Villalobos v. Crawford*, petitioner's "multi-year presence in the United States entitles him to the same constitutional right as other noncitizens first discovered years after their entry" effectively ending the "'legal fiction' of non-presence recognized in *Thuraissigiam*." No. 2:26cv12, 2026 WL 1165576, at *4–5 (E.D. Va. Apr. 29, 2026) (collecting cases); *see also Martinez v. Lyons*, No. 3:25cv1021, 2026 WL 1257330, at *4–5 (E.D. Va. May 7, 2026) (adopting the reasoning in *Gomez Villalobos*). Similar to the petitioner in *Gomez Villalobos*, petitioner's detention creates a hybrid factual scenario due to petitioner's presence at a port of entry and parole suggesting detention pursuant to section 1225, followed by petitioner's encounter by agents after residing in the United States for years after his parole expired suggesting detention pursuant to section 1226. *Gomez Villalobos*, 2026 WL 1165576, at *3. Moreover, the NTA issued when petitioner was arrested designated petitioner as "an alien *present in the United States* without being admitted or paroled," rather than as an arriving alien. ECF No. 8-1, at 3 (emphasis added). Like Gomez Villalobos, petitioner was treated as an alien present in the United States, and not as a parolee being re-detained under section 1225. *See Gomez Villalobos*, 2026 WL 1165576, at *5.

Petitioner's status as a special immigrant juvenile further supports this conclusion. Special immigrant juvenile status is a "classification under the Immigration and Nationality Act . . . that permits an immigrant to pursue lawful permanent residence and, potentially, United States citizenship." *Perez v. Cuccinelli*, 949 F.3d 865, 867 (4th Cir. 2020). A special immigrant juvenile

---

[4] When United States Citizenship and Immigration Services approved petitioner's application for special immigrant status, the notice clearly indicated that this approval did not constitute a visa but that he was thereafter eligible to apply for employment authorization. ECF No. 15, at 29.

is, by definition, "an immigrant who is present in the United States." 8 U.S.C. § 1101(a)(27)(j). Petitioner's status as a special immigrant juvenile accordingly "converted him from being an arriving alien to an alien present in the United States" placing him within the category of those aliens who are entitled to bond hearings under section 1226(a). *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024); *Campos-Flores v. Bondi*, No. 3:25cv797, 2025 WL 3461551, at *5–7 (E.D. Va. Dec. 2, 2025).

For the reasons stated above, petitioner's multi-year presence following the expiration of his parole and status as a special immigrant juvenile entitle him to a fair hearing under section 1226(a) to determine whether he should continue to be detained pending the conclusion of the removal proceedings.

## IV. RECOMMENDATION

For all these reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, be **GRANTED in part** and **DENIED in part**, and an order outlining the following be entered:

- petitioner should be provided with a constitutionally adequate bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of entry of the final order[5];
- respondents should be enjoined from denying bond to petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2);
- in the event petitioner is released on bond by an Immigration Judge, respondents should be enjoined from rearresting petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly

[5] This is intended to ensure petitioner has adequate time to receive this order and the notice of his hearing date sufficiently in advance of the hearing to permit him to prepare and present evidence to the immigration judge.

noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that petitioner is detained under section 1225(b)(2);

- respondents should be required to file a status report on the status of petitioner's bond hearing within three days of the bond hearing. The status report will detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial; and
- the portion of the order entered July 22, 2026, ECF No. 6, directing that petitioner is not to be removed from this district without this Court's permission should be vacated.

To the extent that the petition seeks immediate release, the petition should be **DENIED**. The emergency motion for immediate release, ECF No. 2, should also be **DENIED** for the reasons stated above.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the

Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
September 22, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Franklin Jeremias Fernandez Romero
A-215585849
Caroline Detention Facility
P.O. Box 1460
Bowling Green, VA 22427

Laura Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

September 22, 2026