IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FRANKLIN JEREMIAS
FERNANDEZ ROMERO,

Petitioner,

Civil Action No. 2:26-cv-727

v.

WARDEN, Caroline Detention Facility, *et al.*,

Respondents.

**FINAL ORDER**

This matter is before the Court on the 28 U.S.C. § 2241 petition of Franklin Jeremias Fernandez Romero ("Petitioner"), a detainee of United States Immigration and Customs Enforcement, seeking immediate release from immigration detention or a constitutionally adequate bond hearing. Dkt. No. 1. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Civil Rules. Dkt. No. 5.

On September 22, 2026, the Magistrate Judge filed a Report and Recommendation recommending that the Court grant the Petition in part and deny the Petition in part, and enter an order outlining the following:

(1) Petitioner should be provided with a constitutionally adequate bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of entry of the final order;

(2) Respondents should be enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

(3) In the event Petitioner is released on bond by an Immigration Judge, Respondents

should be enjoined from rearresting Petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Petitioner is detained under Section 1225(b)(2);

(4) Respondents should be required to file a status report on the status of Petitioner's bond hearing within three days of the bond hearing. The status report will detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial; and

(5) The portion of the Order entered July 22, 2026, Dkt. No. 6, directing that Petitioner is not to be removed from this district without this Court's permission should be vacated.

Dkt. No. 16, at 8–9. The Report and Recommendation further recommended that the Petition should be denied to the extent that the Petition seeks immediate release and that Petitioner's Emergency Motion for Immediate Release be denied for the reasons outlined. *Id.* By copy of the report, the parties were advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge, *id.* at 9, and no objections have been filed.

The Court, having reviewed the record, does hereby accept the findings and recommendations set forth in the Report and Recommendation, and it is therefore **ORDERED** that the petition for a writ of habeas corpus is **GRANTED IN PART AND DENIED IN PART.** It is ORDERED that Petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of this Order. Respondents are ORDERED to file a status report with this Court within three (3) days of the bond hearing, stating whether Petitioner has been granted bond, and, if

his request for bond was denied, the case-specific reasons given by the Immigration Judge for that denial. Petitioner's Emergency Motion for Immediate Release, Dkt. No. 2, is DENIED. It is FURTHER ORDERED that, to the extent that this Court's Order entered July 22, 2026, Dkt. No. 6, precludes Respondents from removing Petitioner from this District, that Order is VACATED.

The Clerk is DIRECTED to send a copy of this Order to Petitioner at his address of record and all counsel of record.

It is SO ORDERED.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: October 8, 2026